Terzian Law Group,
a professional corporation
TAMAR TERZIAN SBN 254148
tamar@terzlaw.com
1122 E. Green Street
Pasadena, CA 91106
Direct: (626) 826-1271
*Attorneys for Debtor*
*and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

| | |
|---|---|
| In re | CASE NO. Case No. 9:25-bk-11352 RC |
| WESTSIDE TOW AND TRANSPORT, INC., | Chapter 11 |
| Debtor. | **DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION** |

Disclosure Statement Hearing
DATE:   April 22, 2026
TIME:    1:00 p.m.
PLACE: Courtroom 201
              1415 State Street
              Santa Barbara, CA 93101

Confirmation Hearing:
DATE:   TBD
TIME:    TBD
PLACE: Courtroom 201
              1415 State Street
              Santa Barbara, CA 93101

**TO THE HONORABLE RONALD A. CLIFFORD III, UNITED STATE BANKRUPTCY
JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; SECURED CREDITORS,
UNSECURED CREDITORS AND OTHER INTERESTED PARTIES:**

## I.

## INTRODUCTION

Westside Tow and Transport, Inc. (the "Debtor") is the debtor and debtor in possession in the above captioned chapter 11 bankruptcy case (the "Case"). The Debtor commenced the Case on October 8, 2025 (the "Petition Date") by filing a voluntary chapter 11 petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., (the "Bankruptcy Code").

This document is the chapter 11 plan of reorganization (the "Plan") proposed by the Debtor. Sent to you in the same envelope as this document is the Debtor's Disclosure Statement which is provided to help you understand the Plan.

This is a plan of reorganization. Through the Plan, the Debtor seeks to restructure its business by utilizing the proceeds from continued operations of transporting vehicles pursuant to contracts with various dealerships and third parties.

## II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### A.   Classification and Treatment

As required by the Bankruptcy Code, the Plan classifies Claims and Interests (if any) in various classes according to their right to priority. The Plan states whether each Class of Claims or Interests is Impaired or Unimpaired. The Plan provides the treatment each class will receive.

### B.   Unclassified Claims

Certain types of Claims are not required to be placed into voting classes. Accordingly, such Claims are not classified. They are not considered impaired and are not entitled to vote on the Plan because the Bankruptcy Code mandates how these particular Claims will be treated. As such the Debtor has not placed the following claims in a class:

1.      **Administrative Claims**

Administrative claims are claims for costs or expenses of administering the Case that are allowed under Bankruptcy Code section 507(a)(2).   The Bankruptcy Code requires that all Administrative Claims be paid on the Effective Date unless a particular Claimant agrees to a different treatment.

The following chart lists all of the Debtor's estimated Administrative Claims and their respective treatment under the Plan:

| *Name* | *Allowed to Date* | *Total (Estimated or as Filed)[1]* | *Paid By Debtor to Date* | *Total Estimated Required to Be Paid* | *Treatment* |
|---|---|---|---|---|---|
| **Terzian Law Group,** A Professional Corporation General Bankruptcy Counsel to the Debtor | $0.00 | $55,000.00 | $15,000.00 | $40,000.00[2] | All unpaid fees and expenses allowed by the Court shall be paid in full on the later of: (a) the Effective Date; or (b) as agreed between the Debtor and Professional. |
| **Clerk's Office** Fees | $0.00 | $250.00 | $0.00 | $250.00 | Paid in full before or on the Effective Date. |
| **Office of the United States Trustee Fees** | $0.00 | $6,000 | $0.00 | $6,000 | Paid in full before or on the Effective Date. Amount to be determined depending on pending distributions for the quarter until plan is confirmed. |

---

[1]   All fees and expenses of professionals employed by the Debtor in this Case are subject to approval by order of the Court.

[2]   This is only an estimate and will change based upon the legal services required during this Case and upon what the Court ultimately awards.   The Estate remains liable for all allowed legal fees and costs regardless of the estimates stated herein.

3

With respect to professionals employed by the Estate, the Court must authorize the fees and expenses set forth above prior to payment of such fees and expenses.  Each Administrative Claimant holding a Claim for fees and expenses for professional services rendered to the Estate must file and serve a properly noticed application for compensation and reimbursement of expenses, and the Court must rule on such application.  Only the amount of fees and expenses authorized by the Court will be paid under the Plan.

The Debtor estimates that the total amount of professional fees and administrative expenses it will need to pay is approximately $51,000.   As discussed in Section IV.D below, the Debtor will have sufficient funds to satisfy all Allowed Administrative Claims.

### 2.   Priority Tax Claims

Priority Tax Claims are certain unsecured income, employment, property and other taxes described by Bankruptcy Code section 507(a)(8).  The Bankruptcy Code requires that each holder of such Priority Tax Claim receive the present value of such claim in deferred cash payments, over a period not exceeding five (5) years from the Petition Date.  The following chart lists all of the Debtor's estimated Priority Tax Claims and their treatment under the Plan.

| Description | Claim Amount[3] (As Filed) | Treatment |
|---|---|---|
| **County of Riverside Tax Collector** | (Approx.):  $78,000 | Payment of the Allowed Priority Tax Claim shall be made in monthly equal payments such that the Allowed Priority Tax Claim is repaid within five years from the Petition Date.  The first monthly payment shall be due on the first Business Day of the calendar following the Effective Date until paid in full.  Debtor anticipates monthly payments of $1,560. |

### C.   Classified Claims and Interests

#### 1.   Classes of Secured Claims

Secured Claims are Claims secured by Liens on Property of the Estate.  The following

---

[3]   Any Claim amounts set forth in this Plan shall not be construed as an admission that the Debtor concurs with such amounts and is subject to the Debtor's further review of and objection to (as is necessary) to any Claim. The Debtor expressly reserves the right to amend any of the Claim amounts set forth in this Plan.

chart lists the classes containing the Debtor's Secured Claims and their respective treatment under the Plan:

| Class No. | Description | Insiders (Y/N) | Impaired (Y/N) | Treatment |
|---|---|---|---|---|
| 1 | **STELLANTIS FINANCIAL SERVICES c/o PERITUS PORTFOLI Claim No. 4-1** (Approx.): $55,014.06 | N | N (Creditor in this class is not entitled to vote on the Plan) | • Debtor will continue to make the payment pursuant to the purchase finance agreement. |
| 2 | **TD Bank, N.A. Claim No. 7-1** (Approx.): $61,100.00 | N | N (Creditor in this class is not entitled to vote on the Plan) | • Debtor will continue to make the payment pursuant to the purchase finance agreement. |
| 3 | **U.S. Small Business Administration** **Claim No. 8-1** (Approx.): 2,180,116.32 | N | Y (Creditor in this class is entitled to vote on the Plan) | • Debtor objects that this claim is fully secured. The Debtor asserts that the SBA claim is partially unsecured with Debtor's assets.<br>• The Allowed Secured Claim shall be paid within 30 years from the SBA Loan origination date, with the first payment of $9,840 due on the first of the month following the Effective Date, and continuing to be paid monthly until the maturity date of the loan. SBA will retain its UCC lien in the amount of $2,180,116.32. The Debtor reserves the right to object to this claim as there are insufficient assets to make the entirety of the claim secured. |
| 4 | **BMW Bank of North America c/o AIS Portfolio Service** **Claim No. 1** $119,931 | N | N (Creditor in this class is not entitled to vote on the Plan) | • Insider will make the payment of pursuant to the purchase finance agreement. |

| 5 | **BMW Bank of North America c/o AIS Portfolio Service** **Claim No. 2** $60,914.49 | N | N (Creditor in this class is not entitled to vote on the Plan) | • Insider will make the payment of pursuant to the purchase finance agreement. |
|---|---|---|---|---|
| 6 | **Westside Tow & Trucking, Inc. c/o Ramsaur Law P.C. – Continental Bank** **Claim No. 10-1** (Approx.): $156,297.81 | N | N (Creditor in this class is not entitled to vote on the Plan) | • Debtor will continue to make payments pursuant to the purchase finance agreement in the amount of $5,719.  Continental Bank will continue to retain its lien against its collateral. |
| 7 | **The Huntington National Bank C/O Eudora Arthur, Claim No. 12-1** (Approx.):  **$68,385.69** | N | N (Creditor in this class is not entitled to vote on the Plan) | • Debtor will continue to make the payment of pursuant to the purchase finance agreement. |
| 8 | **The Huntington National Bank C/O Eudora Arthur, Claim No. 13-1** (Approx.):  **$36216.14** | N | N (Creditor in this class is not entitled to vote on the Plan) | • Debtor will continue to make the payment of pursuant to the purchase finance agreement. |
| 9 | **The Huntington National Bank C/O Eudora Arthur, Claim No. 14-1** (Approx.):  **$33,014.84** | N | N (Creditor in this class is not entitled to vote on the Plan) | • Debtor will continue to make the payment of pursuant to the purchase finance agreement. |

6

| 10 | **Harvest Small Business Finance, LLC** **Claim No. 18-1** (Approx.): $2,647,917.62 Arrears of $187,909.27 | N | Y (Creditor in this class is not entitled to vote on the Plan) | • Debtor will continue to make the payment of pursuant to the purchase finance agreement in the monthly amount of $23,751. • Arrears will be paid a pro-rata distribution over 5 years until paid in full. Distribution will be 3,131 per month. |
| 11 | **JB Bostick- Mechanics Lien** (Approx.): $120,254 | N | Y | • Creditor will be paid pro-rata distribution over 5 years until paid in full. Distribution will be 2,004 per month. |
| 12 | **PNC Financial (Scheduled Claims)** (Approx.): $355,890 | N | N (Creditor in this class is not entitled to vote on the Plan) | • Debtor will continue to make the payment of pursuant to the purchase finance agreement. |

### 2.    Classes of Priority Unsecured Claims

Certain priority claims that are referred to in Bankruptcy Code sections 507(a)(3), (4), (5), (6) and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: The Bankruptcy Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

| 13 | • **Internal Revenue Service** | N | Y (Creditor in this class is entitled to vote on the Plan) | • Payment of the Allowed Priority Tax Claim shall be made in monthly equal payments such that the Allowed Priority Tax Claim is repaid within five years from the Petition Date, which would be from the Effective Date. Claim shall be paid in full within 24 months from the Effective Date of the Plan. |

| 14 | • **Franchise Tax Board** | N | Y (Creditor in this class is entitled to vote on the Plan) | • Payment of the Allowed Priority Tax Claim shall be made in monthly equal payments such that the Allowed Priority Tax Claim is repaid within five years from the Petition Date, which would be from the Effective Date. Claim shall be paid in full within 24 months from the Effective Date of the Plan. |
| 15 | • **Employment Developmental Department** | N | Y (Creditor in this class is entitled to vote on the Plan) | • Payment of the Allowed Priority Tax Claim shall be made in monthly equal payments such that the Allowed Priority Tax Claim is repaid within five years from the Petition Date, which would be from the Effective Date. Claim shall be paid in full within 24 months from the Effective Date of the Plan. |

### 3. Class of General Unsecured Claims

General Unsecured Claims are Unsecured Claims not entitled to priority under Bankruptcy Code section 507(a). The following chart identifies the Plan's treatment of the class containing all of the Debtor's General Unsecured Claims:

| Class No. | Description | Insider Y/N | Impaired (Y/N) | Treatment |
|---|---|---|---|---|
| 16 | **General Unsecured Claims** **See Exhibit "D" to the disclosure statement filed concurrently for a list of all General Unsecured Claimants and all scheduled claims** **Total Amount of Claims** (Approx.): **$704,922.06** | N | Y Creditors in this class are entitled to vote on the Plan | • **Payment Interval**: Distributions to Allowed General Unsecured Claims shall be made in monthly payments, starting on the Effective Date and continuing on the first day of each month thereafter for a period of five years for a total amount of $140,984.41. • **Payment Amount**: Allowed General Unsecured Claims shall receive a 20% pro-rata distribution from Net Proceeds, after payment of all Allowed Secured Claims, Allowed Administrative Claims and Allowed Priority Claims. • **Begin Date**: First business day after the Effective Date of Plan. • **End Date**: The creditors shall be paid pro-rata for a period of 5 years. • **Total Payout**: Pro-rata distribution of funds held by Debtor, after payment of all Allowed Secured Claims, Allowed Administrative Claims and Allowed Priority Claims. Total payout to general unsecured creditors will be $140,984.41 |

8

**1.      Class Of Interest Holders**

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor.  If the Debtor is a corporation, entities holding preferred or common stocks in the Debtor are interest holders.  If the Debtor is a partnership, the interest holders include both general and limited partners.  If the Debtor is an individual, the Debtor is the interest holder.  The following chart identifies this Plan's treatment of the class of interest holders:

| Class | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 17 | **Peter N. Wambaa (100%)** | N | Interest holders will retain their equity interests in the Debtor. In lieu of his interest Mr. Wambaa will make a one-time contribution in the amount of $20,000.<br><br>Pursuant to the current approved insider compensation, Mr. Wambaa will continue to receive $20,000 monthly (gross) for his services as the owner/operator and driver in charge. |

**D. Means of Effectuating the Plan**

**1. Funding of the Plan**

The sources of funding the Plan are the operating revenue of the Debtor's facilities. Attached to the Disclosure Statement as **Exhibit "C"** are the financial forecasts for the period from the estimated Effective Date (July 2026) through and including July 2031 which reflects, among other things, the revenue earmarked for payments to creditors under the plan.

**2. Post-Confirmation Management and Disbursing Agent**

The Reorganized Debtor will continue to manage its affairs post-confirmation.  The post-confirmation management of the Debtor shall continue to be handled by Mr. Wambaa who is the current President of the Debtor.   Reorganized Debtor shall serve as the Disbursing Agent under the Plan.

The Reorganized Debtor shall serve without bond and shall not receive any compensation for distribution services rendered and expenses incurred pursuant to the Plan.

**3. Objections to Claims**

Pursuant to 11 U.S.C. §502(a), any party in interest may assert objections to claims.  As

9

provided in Section 502(c) of the Bankruptcy Code, the Court may estimate any contingent or unliquidated disputed claim for purposes of confirmation of the Plan. The Court shall retain jurisdiction over the Debtor, the Reorganized Debtor and the Case to resolve such objections to claims following the confirmation of the Plan.

The Debtor intends to file objections to claims filed by the following claimants:

1. United States Small Business Administration on the basis that the claim is unsecured as the Debtor's assets have no equity. To the extent there are accounts receivables, SBA's UCC lien has priority to that of other unsecured creditors. However, based on Debtor's schedules and accounting the accounts receivables are less than the amount owed to SBA.

2. CFG Merchant Solutions

3. RDM Capital Funding LLC DBA FinTap

**E. Acceptance or Rejection of the Plan; Cramdown**

**1.    Acceptance by Impaired Classes of Claims and Interests**

Pursuant to section 1126(c) of the Bankruptcy Code, an Impaired Class of Claims shall have accepted the Plan if: (a) the holders of at least two-thirds (2/3) in dollar amount of the Allowed Claims actually voting in such Class (other than Claims held by any holder designated pursuant to section 1126(e) of the Bankruptcy Code) have timely and properly voted to accept the Plan, and (b) more than one-half (1/2) in number of the holders of such Allowed Claims actually voting in such Class (other than Claims by any holder designated pursuant to section 1126(e) of the Bankruptcy Code) have timely and properly voted to accept the Plan.

Only Impaired Classes are entitled to vote on the Plan pursuant to section 1126(f) of the Bankruptcy Code.

**2.    Voting Classes**

Except as otherwise required by the Bankruptcy Code or the Bankruptcy Rules or as otherwise provided in this Section II.E.2, the holders of Claims in Classes 3, 10, 11, 13, 14, 15 and 16 inclusive, shall be entitled to vote to accept or reject the Plan. Class 17 (Interests) regarding

Unimpaired under the Plan and, as a result, shall not be entitled to vote to accept or reject the Plan, and shall be conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

Administrative Claims and Priority Tax Claims are deemed to be Unimpaired and not classified under the Plan.  As a result, such Claims are not entitled to vote to accept or rejection the Plan.

### 3.      Ballot Instructions

Each Claimant entitled to vote on the Plan is required to complete and return a Ballot to the voting agent, which will compile the votes so received.  All questions as to the validity, form, and eligibility (including time of receipt) of Ballots will be resolved by the Bankruptcy Court upon application or at the Confirmation Hearing.

### 3.      Cramdown:  Section 1129(b) of the Bankruptcy Code

If all applicable requirements for confirmation of the Plan are satisfied as set forth in section 1129(a)(1) through (16) of the Bankruptcy Code except subsection (8) thereof, the Debtor intends to request that the Bankruptcy Court confirm the Plan in accordance with section 1129(b) of the Bankruptcy Code, notwithstanding the requirements of section 1129(a)(8) of the Bankruptcy Code.

### F.  Other Provisions of the Plan

### 1.      Claims

March 6, 2026, was the deadline for filing proofs of claim or interest in the Case.  Pursuant to section 502(a) of the Bankruptcy Code, any party in interest may object to any Claim.  As provided by section 502(c) of the Bankruptcy Code, the Court may estimate any contingent or unliquidated disputed claim for purposes allowance and confirmation of the Plan.  The Court shall retain jurisdiction over the Debtor, the Reorganized Debtor and the Case to resolve such objections to Claims following the confirmation of the Plan.  The Court shall also retain jurisdiction to determine the priorities of liens based on Allowed Claims.  Nothing contained in the Plan shall constitute a waiver or release by the Debtor of any rights of setoff or recoupment, or

of any defense, it may have with respect to any claim.  The Reorganized Debtor shall withhold from net proceeds to be distributed under the Plan and will place in reserve a sufficient amount of cash to be distributed on account of Claims that are disputed and have not been Allowed (the "Disputed Claims") as of the date funds become available for distribution to creditors of any particular Class as if such Claims were allowed in full.

### 2. Accrual of Interest on Claims

Except as specifically provided for in the Plan, in the Confirmation Order, or in some other order of the Court, interest shall not accrue on Claims and no holder of a Claim shall be entitled to interest accruing on or after the Petition Date on any Claim.  Nothing set forth herein shall limit or impair the accrual of interest provided for in this Plan.

To the extent the Debtor or any other party in interest objects to the allowance of any Claim, nothing in the Plan or herein shall be deemed to imply or create for the holders of any Disputed Claims any entitlement to receive interest upon the allowed amount of any such Disputed Claims as a result, *inter alia*, of the delay in payment of such Claims, except as expressly stated in the treatment pursuant to the Plan.

### 3. Distributions to be Made Pursuant to the Plan

Distributions to be made by the Reorganized Debtor on the Effective Date on account of any Claim shall be made on the Effective Date or as promptly thereafter as practicable. Distributions to be made by the Reorganized Debtor under the Plan shall be made by check drawn on a domestic bank or by wire transfer, at the sole election of the Reorganized Debtor.  Except as otherwise agreed to by the Reorganized Debtor in writing, distributions to be made to holders of Allowed Claims pursuant to the Plan may be delivered by regular first-class mail, postage prepaid, to the address shown in the Debtor's schedules, as they may from time to time be amended in accordance with Bankruptcy Rule 1009, or, if a different address is stated in a proof of claim duly filed with the Court, to such address.

Checks issued by the Reorganized Debtor to pay Allowed Claims shall be null and void if not negotiated within sixty (60) days after the date of issuance thereof.  Requests for reissuance of

any check shall be made to the Reorganized Debtor by the holder of the Allowed Claim to whom such check originally was issued, prior to the expiration of 120 days from the date of issuance of such check.  After such date, the Claim shall be deemed disallowed and the monies otherwise payable on account of such Claim shall revest in the Reorganized Debtor free and clear of all claims and interests.

In connection with the Plan and any instruments issued in connection therewith, the Reorganized Debtor shall comply with all applicable withholding and reporting requirements imposed by any federal, state or local taxing authority, and all distributions under the Plan shall be subject to any such withholding or reporting requirements.

**4.    Avoidance Actions**

The Reorganized Debtor reserves the sole right under the Plan to pursue avoidance actions and other Actions of the Estate to the extent any exist.  The Debtor reserves for the Reorganized Debtor all rights to commence and pursue, as appropriate, any and all Avoidance Actions or other Actions, whether arising prior to or after the Petition Date, in any court or other tribunal, including without limitation, in an adversary proceeding filed in the Court.  While the Debtors have attempted to identify Actions or Avoidance Actions in the Disclosure Statement which may be pursued, and hereby incorporate by reference those disclosures and provisions, the failure to list any potential Action or Avoidance Action, generally or specifically, is not intended to limit the rights of the Debtor or the Reorganized Debtor to pursue any Action or Avoidance Action.  All Avoidance Actions and other Actions are preserved under the Plan for the benefit of the Estate and the Reorganized Debtor.  Any recovery will be paid to creditors pursuant to terms of this Plan.

Unless an Action or Avoidance Action against any Person is expressly waived, relinquished, released, compromised or settled as provided or identified in the Plan, any Confirmation Order or prior Court order, the Debtor and Reorganized Debtor expressly reserve Actions and Avoidance Actions for later adjudication.  Therefore, no preclusion doctrine, including, without limitation, the doctrine of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches shall apply to such Action or

Avoidance Action upon of after Confirmation or consummation of the Plan.

All professional fees incurred in pursuing the Avoidance Actions or other Actions shall be paid by the Reorganized Debtor without the necessity of a Court order.  However, the Court will reserve exclusive jurisdiction to decide any and all disputes regarding the payment of the fees and costs related to post-confirmation professional fees upon request of a party in interest and after notice and a hearing.

**5.      Exculpations, Releases and Injunction**

To the maximum extent permitted by law, neither the Debtor, the Estate, nor any of their employees, agents, representatives, or the professionals employed or retained by any of them, whether or not by Court order (each, a "Released Person"), shall have or incur liability to any person or entity for an act taken or omission made in good faith in connection with or related to the formulation of the Plan, the Disclosure Statement, or a contract, instrument, release or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan, or the consummation and implementation of the Plan and the transactions contemplated therein.  Each Released Person shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan.

The occurrence of the Effective Date after the entry of the Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released, discharged or terminated pursuant to the Plan.

Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is discharged or an interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtor, the Estate, or their property on account of any such discharged claims, debts or liabilities or terminated interests or rights:  (i) commencing or continuing, in any manner or in any

14

place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan. The injunction does not apply to Debtor's guarantors and does not prevent creditors of the Debtor from enforcing their judgment or liens against the Debtor's guarantors.

Nothing herein enjoins or otherwise affects the rights of creditors to pursue their rights as against any individual or entity that is not the Debtor, the Estate, or property of the Debtor or the Estate. Specifically, the injunction described above does not apply to or protect the Debtor's guarantors or co-obligors. Furthermore, the debts, obligations, and liabilities of the Debtor's guarantors and co-obligors are not discharged or released through the entry of the Confirmation Order or through the provisions of the Plan.

By accepting distribution pursuant to the Plan, each holder of an Allowed Claim or Interest receiving distributions pursuant to the Plan will be deemed to have specifically consented to the injunctions set forth in this Section.

### 6.      Executory Contracts And Unexpired Leases

The executory contracts to be assumed as obligations of the reorganized Debtor under the Plan are the two leases entered between Debtor and lessee for the two locations Debtor operates. The Debtor intends to assume both leases and continue operations in the office space and continue to rent out space in Riverside.  Attached to the Disclosure Statement as **Exhibit "F"** is a list of unexpired leases that the Debtor intends to assume under this Plan.  Pursuant to the Van Nuys lease, the Debtor pays its landlord $3,194 per month.  The Riverside lease is currently a month-to-month lease where Debtor is the landlord and receives monthly payment from a tenant in the amount of $4,680.

### 7.      Retention Of Jurisdiction

After confirmation of the Plan and occurrence of the Effective Date, in addition to

15

jurisdiction which exists in any other court, the Court will retain such jurisdiction as is legally permissible including for the following purposes:

a.  To resolve any and all disputes regarding the operation and interpretation of the Plan and the Confirmation Order;

b.  To determine the validity, classification, or priority of Claims and Interests upon objection by the Debtor, the Reorganized Debtor, or by other parties in interest with standing to bring such objection or proceeding;

c.  To determine the extent, validity and priority of any lien asserted against property of the Debtor or Property of the Estate;

d.  To construe and take any action to enforce the Plan, the Confirmation Order, and any other order of the Court, issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan, the Confirmation Order, and all matters referred to in the Plan, the Confirmation Order, and to determine all matters that may be pending before the Court in this Case on or before the Effective Date with respect to any person or entity related thereto;

e.  To determine (to the extent necessary) any and all applications for allowance of compensation and reimbursement of expenses of professionals for the period on or before the Effective Date;

f.  To determine any request for payment of Administrative Claims;

g.  To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during the pendency of this Case whether before, on, or after the Effective Date;

h.  To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

i.  To modify the Plan under section 1127 of the Bankruptcy Code in order to remedy any apparent defect or omission in the Plan or to reconcile any inconsistency in the Plan so as to carry out its intent and purpose;

j.      Except as otherwise provided in the Plan or the Confirmation Order, to issue injunctions, take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or the Confirmation Order, or the execution or implementation by any person or entity of the Plan or the Confirmation Order;

k.      To issue such orders in aid of consummation of the Plan or the Confirmation Order, notwithstanding any otherwise applicable non-bankruptcy law, with respect to any person or entity, to the fullest extent authorized by the Bankruptcy Code or Bankruptcy Rules; and

l.      To enter a final decree closing this Case.

## III.

## EFFECT OF CONFIRMATION

### A.      Discharge

This Plan provides that, unless after notice and a hearing, or the Court orders otherwise for cause, the Debtor shall receive a discharge of any debt provided for in the Plan upon the Debtor's completion of all payment obligations under the Plan.  To the extent specified in the Bankruptcy Code section 1141, the Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan.  However, the discharge will not discharge any liability imposed by the Plan except as otherwise specified herein.

### B.      Exculpation

To the extent permitted under Bankruptcy Code section 1125(e), upon the occurrence of the Effective Date, the Debtor, the Reorganized Debtor, its Counsel, the Debtor's accountant as well as any other parties employed pursuant to section 327 of the Bankruptcy Code and their respective agents and professionals (including the Debtor's counsel, accountant and financial advisor) shall be deemed to have no liability for any act or omission in connection with, or arising out of, any services rendered in connection with this Bankruptcy Case, the pursuit of approval of the Disclosure Statement, the solicitation of votes for confirmation of the Plan, for violation of any applicable law, rule or regulation governing solicitation of acceptance or rejection of the Plan or

17

the offer, issuance, sale, or purchase of securities offered or sold under the Plan.  Notwithstanding the foregoing, nothing herein shall release the Reorganized Debtor from any duty and obligation under the Plan.

### C.    Revesting of Property in the Reorganized Debtor

Except as otherwise provided in the Plan, the confirmation of the Plan revests all of the property of the Estate in the Debtor.

### D.    Modification Of Plan

The Plan may be modified at any time after confirmation but before the completion of payments under the Plan, whether or not the Plan has been substantially consummated, upon request of the Debtor, the United States Trustee, or the holder of an allowed unsecured claim, to —

(1) increase or reduce the amount of payments on Claims of a particular Class provided for by the Plan;

(2) extend or reduce the time period for such payments; or

(3) alter the amount of the distribution to a creditor whose Claim is provided for by the Plan to the extent necessary to take account of any payment of such Claim made other than under the Plan.

### E.    Post-Confirmation Status Report

Within 120 days following the entry of the Confirmation Order, the Reorganized Debtor shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan.  The status report shall be served on the United States Trustee, the 20 largest unsecured creditors, and those parties who have requested special notice before or after the Effective Date.  Further status reports shall be filed every 120 days and served on the same entities until the entry of a final decree closing the Case or dismissal or conversion of the Case.

### F.    Post-Confirmation United States Trustee Fees

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid

to the United States Trustee on or before the effective date of the Plan.  Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

### G.    Post-Confirmation Conversion/Dismissal

A creditor or party in interest may bring a motion to convert or dismiss the case under section 1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  If the Court orders the case converted to chapter 7 after the Plan is confirmed, then all property that had been property of the chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during the case.

### H.    Final Decree

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponent, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

DATED: March 25, 2026            By:_____

Westside Tow & Transport Inc.
Debtor and Debtor in Possession

19

PRESENTED BY:

**TERZIAN LAW GROUP, APC**

By: _____

Tamar Terzian
Bankruptcy Counsel for Westside
Tow & Transport Inc., Debtor and
Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**1122 E. GREEN ST
PASADENA, CA  91106**

A true and correct copy of the foregoing document(s) entitled:    **"DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION"** will be served or was served in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document(s) will be served by the court via NEF and hyperlink to the document. On March 25, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Brian David Fittipaldi     brian.fittipaldi@usdoj.gov
Raffi Khatchadourian     raffi@hemar-rousso.com
Elan S Levey     elan.levey@usdoj.gov, usacac.tax@usdoj.gov;caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
Randall P Mroczynski     randym@cookseylaw.com
Joshua Nyman     josh@ramsaurlaw.com
Tamar Terzian     tamar@terzlaw.com, tkouyoum@gmail.com
United States Trustee (ND)     ustpregion16.nd.ecf@usdoj.gov
Jennifer C Wong     bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2.** **SERVED BY UNITED STATES MAIL**:  On March 25, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy/copies thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

☒ Service information continued on attached page

**3.** **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 25, 2026 | Kathleen Fox | /s/ Kathleen Fox |
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-9
Case 9:25-bk-11352-RC
Central District of California
Santa Barbara
Wed Mar 25 20:47:53 PDT 2026

BMW Financial Services NA, LLC
c/o McCarthy & Holthus, LLP
2763 Camino Del Rio South, Suite 100
San Diego, CA 92108-3708

Continental Bank
c/o Ramsaur Law P.C.
3070 Bristol St
Suite 640
Suite 640
Costa Mesa, CA 92626-3067

Stellantis Financial Services, Inc.
c/o Randall P. Mroczynski
Cooksey, Toolen, Gage, Duffy & Woog
535 Anton Boulevard, Suite 1000
Costa Mesa, CA 92626-7664

TD Bank, N.A. successor in interest to TD Au
c/o Randall P. Mroczynski
Cooksey, Toolen, Gage, Duffy & Woog
535 Anton Boulevard, Suite 1000
Costa Mesa, CA 92626-7664

Westside Tow and Transport Inc.
2535 Townsgate Road
Westlake Village, CA 91361-5965

Northern Division
1415 State Street,
Santa Barbara, CA 93101-2511

American Express Credit Card
43 Butterfield Circle
El Paso, TX 79906-5202

American Funding Services
14511 Myford Road Suite 100
Tustin CA 92780-7057

American Funding Services, Inc.
c/o Breuer Law, PLLC
6501 Congress Ave., Ste. 240
Boca Raton, FL 33487-2840

American Funding Services-McA
14511 Myford Road Suite 100
Tustin, CA 92780-7057

Arch & Beam Global LLC
as Trustee of the Shift Technologies
Liquidating Trust
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121-1169

BMW Bank of North America c/o AIS Portfolio
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

(p)BMW FINANCIAL SERVICES
CUSTOMER SERVICE CENTER
PO BOX 3608
DUBLIN OH 43016-0306

Bank of America Credit Card
1825 E. Buckeye Road
Phoenix, AZ 85034-4216

Bell Bank
15490 101st Avenue North
Suite 200
Osseo MN 55369-7563

Bonafide Truck and Heavy Equipment
Altus Receivables Management
2121 Airline Drive Suite 520
Metairie, LA 70001-5984

CFG Merchant Solutions
80 Maiden Lane, 15th Floor
New York NY 10038-4883

CFG Merchant Solutions LLC
c/o Kaminski Law PLLC
P. O. Box 247
Grass Lake, MI 49240-0247

Capital One N.A.
by AIS InfoSource LP as agent
PO Box 71083
Charlotte, NC  28272-1083

Capital West LLC
9100 Wilshire Blvd 725E
Beverly Hills CA 90212-3431

Continental Bank
15 W South TempleSuite 300
Salt Lake City UT 84101-1542

Corporation Service Company
801 Adlai Stevenson Drive
Springfield IL 62703-4261

County of Riverside Tax Collector
PO Box 12005
Riverside CA 92502-2205

Employment Development Department
Bankruptcy Group MIC 92E, PO BOX 826880
Sacramento, CA 95814

Eudora F. S. Arthur
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601-3034

Fintap- MCA
777 Passaic Ave Suite 375
Clifton NJ 07012-1875

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento CA 95812-2952

Gil Hopenstand
312 N. Spring St., 5th Floor
Los Angeles, CA 90012-4701

Green Note Capital
1019 Avenue P Suite 401
Brooklyn NY 11223-2366

Harvest Small Business Finance LLC
24422 Avenida De La Carlota
Suite 400
Laguna Hills CA 92653-3634

Harvest Small Business Finance, LLC
Hemar, Rousso & Heald, LLP
c/o Raffi Khatchadourian, Esq.
15910 Ventura Boulevard, 12th Floor
Encino, CA 91436-2829

Huntington Bank
7 Easton Oval
Columbus OH 43219-6060

Huntington National Bank
7 Easton Oval
Columbus, OH 43219-6060

Huntington National Bank
Attn: GWHuntington National Bank
Attn: GW4W34 5555 Cleveland Avenue
Columbus, OH 43231

Ian Goldberg
777 Passaic Ave, Suite
Clifton, NJ 07012-1804

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

JB Bostick
2870 East La Cresta
Anaheim, CA 92806-1816

JB Bostick Paving
2870 E La Cresta Avenue
Anaheim CA 92806-1816

PACCAR Financial Corporation
2180 Satelite Blvd
Suite 200
Duluth GA 30097-4927

PACCAR Financial Corporation2180 Satelite Bl
Suite 200
Duluth GA 30097

Pacaar Financial Corp.
2501 S. State Hwy 121, Suite 800
Lewisville, TX 75067-8229

Pacific Coast Home Center Corporation
9500 Arlington Avenue
Riverside, CA 92503-1260

RDM Capital Funding LLC DBA FinTap
c/o Kaminski Law PLLC
P. O. Box 247
Grass Lake, MI 49240-0247

Rich Ogle
5500 Wayzata Blvd.
Minneapolis, MN 55416-1241

Rosewood Business Ventures LLC
99 Washington Avenue
Suite 700
Dover DE 19904

Rosewood Business Ventures, LLC
99 Washington Ave, Ste 700
Albany, NY 12210-2822

Ross-stern & Associates, Accounting
18520 Burbank Blvdw 4104
Tarzana, CA 91356-2685

Rubin Law Firm for Capital West, LLC
375 W 200 S Suite 225
Salt Lake City, UT 84101

STELLANTIS FINANCIAL SERVICES c/o PERITUS PO
P.O. BOX 1149
GRAPEVINE, TX 76099-1149

STEPHEN C. BREUER
c/Breuer Law, PLLC
6501 Congress Ave., Suite 240
Boca Raton, FL 33487-2840

Sean Morrow
180 Maiden Lane 15th Floor
New York, NY 10038-5150

Sheala Vast-Binder
4001 Savoy Way
McKinney TX 75071-3788

Small Business Administration
PO Box 3500
Newark OH 43058-3500

Stellantis Financial
3065 Akers Mill Road SE
Suite 700
Atlanta GA 30339-3124

Stellantis Financial Services, Inc.
5757 Woodway Dr Suite 400
Houston, TX 77057-1520

Stephen Breuer
6501 Congress Avenue
Suite 240
Boca Raton, FL 33487-2840

TD Bank
P.O. BOX 34084140 Church Road
Mount Laurel, NJ 08054

TD Bank, N.A.
P. O. Box 16041
Lewiston, ME 04243-9523

Tamar Terzian
Terzian Law Group apc
1122 E. Green Street
Pasadena CA 91106-2500

The Huntington National Bank C/O Eudora Arth
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601-3034

Tramco Management Co. 2, LLC
c/o The Johnston Group
5142 Clareton Drive, Suite 240
Agoura Hills, CA 91301-4446

Tyra Patton
5757 Woodway Dr, Suite 400 77057-1514

(p)U S  SMALL BUSINESS ADMINISTRATION
312 N SPRING ST 5TH FLOOR
LOS ANGELES CA 90012-4701

United States Trustee (ND)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Westside Tow & Trucking, Inc.
c/o Ramsaur Law P.C.
3070 Bristol Street, Ste 640
Costa Mesa, CA 92626-3067

Tamar Terzian
Terzian Law Group, APC
1122 East Green Street
Suite 200
Pasadena, CA 91106-2500

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

BMW Financial Services
P.O. B0X 3608
Dublinp OH 43016

(d)BMW Financial Services
P.O. Box 3608
Dublin OH 43016

U.S. Small Business Administration
Office of General Counsel
312 North Spring Street 5th Floor
Los Angeles, CA 90012

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(d)PACCAR Financial Corporation
2180 Satelite Blvd
Suite 200
Duluth, GA 30097-4927

(d)Westside Tow and Transport Inc
2535 Townsgate Road
Westlake Village CA 91361-5965

End of Label Matrix
Mailable recipients    66
Bypassed recipients     3
Total                  69